IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Johnny Dickens (#N-84011), | ) ) ) | |
| Plaintiff, | ) ) | Case No. 15 C 50285 |
| vs. | ) ) ) | |
| Lt. Mangrum, et al., | ) ) | Judge Philip G. Reinhard |
| Defendants. | ) ) | |

**ORDER**

     For the reasons stated below, defendant's motion [39] for summary judgment is granted. Judgment is entered in favor of defendant and against plaintiff. This case is terminated.

**STATEMENT-OPINION**

     Plaintiff, Johnny Dickens, brings this action pursuant to 42 U.S.C. § 1983 against defendant, Lt. Mangrum, asserting defendant used excessive force against him. Defendant moves [39] for summary judgment arguing plaintiff's claim is barred by Heck v, Humphrey, 512 U.S. 477 (1994). Plaintiff has not filed any response to this motion.[1]

     The following facts are taken from plaintiff's deposition. On February 15, 2015, plaintiff was being held in the Winnebago County, Illinois jail after having been arrested on November 3, 2014 for a probation violation. When plaintiff got his tray for lunch, the lunch he was given contained lettuce and plaintiff cannot eat lettuce. He asked a correctional officer if the officer would call someone and "let them know that I can't eat this?" The officer told plaintiff that plaintiff had had an attitude with the officer all morning. The officer told plaintiff "to lock up" so plaintiff "went upstairs and locked up."

     Later in the day, defendant and a female sergeant brought all of the inmates in the pod into the dayroom. Defendant then said "[d]on't nobody run this fuckin' cell but the pod officer . . . . You got something to say, you going to seg." Plaintiff raised his hand and asked "[c]an I speak?" Defendant "just went berserk." Defendant said "[y]ou're going to seg" and grabbed plaintiff. Defendant started pushing plaintiff and another officer started choking him. Plaintiff

---

    [1] The record reflects that defendant sent plaintiff the notice required by LR56.2 along with defendant's submissions pursuant to LR56.1. [39] [40] [41]

1

could not breathe and became unconscious and does not remember anything after that. Plaintiff did not remember hitting anybody. He asked "if they say I hit that man six times in his face, where's the marks?"

Plaintiff testified that defendant, without any provocation, pushed plaintiff toward the wall and tried to put his face into the door hard. Defendant punched plaintiff in the back repeatedly. Plaintiff never punched defendant during this altercation and never touched him. Plaintiff never made contact with defendant of an insulting or provoking nature.[2] Plaintiff testified the point when defendant quit using excessive force on plaintiff was when plaintiff was on the ground unconscious. Plaintiff regained consciousness about one minute after going to the ground unconscious. He testified "[t]hey had body-punched me mostly, because they never did hit me in the face and bloodied me up or like that. They hit me in the ribs and all that right there, and that was it." Plaintiff testified "if I hit this man in his face six times, I would have had marks on my hands whatsoever, somewhere on my body I would have some marks as far as from me hitting him. They never took pictures of my hands, they never did no checking for my hands or none of that." The soreness in his ribs went away about two weeks later.[3]

This altercation between plaintiff and defendant led to plaintiff being criminally charged and pleading guilty to the crime of aggravated battery. During the court proceedings in which plaintiff pled guilty to this crime, the court stated: "The amended information filed by the State this morning alleges that on or about February 15, 2015, in the county of Winnebago, state of Illinois, you committed the offense of aggravated battery when, in committing a battery, other than by the discharge of a firearm, knowingly made physical contact of an insulting or provoking nature with Lieutenant Clyde Mangrum, and while the victim Lieutenant Clyde Mangrum was on or about public property, namely the Winnebago County Jail, located on West State Street in Rockford. Specifically, it's alleged that you struck that person." Also during those court proceedings, the prosecutor stated the following as the factual basis for the guilty plea plaintiff

---

[2] The following questions and answers appear in the transcript of plaintiff's deposition:
  Q: Okay. Now, did you ever, during this altercation, did you ever punch Lieutenant Mangrum at all?
  A: Never touched him.
  Q: Did you physically hit Lieutenant Mangrum at any time during - -
  A: Never touched him.
  Q: On February 15, 2015, did you ever make contact of an insulting or provoking nature with Lieutenant Mangrum?
  A: No, I did not.
  . . .
  Q: And you never did punch him?
  A: Never touched him.
Tr. Pl. Dep. 3/20/2017 p. 30, 31. [40-3]

[3] This concludes the facts taken from plaintiff's deposition.

was entering: "Judge, on February 15th, 2015, Lieutenant Clyde Mangrum was in Pod 3D of the Winnebago County Jail to speak with the inmates about behavioral issues that the pod was having that day. During that talk, the inmate Johnny Dickens, the defendant, became disruptive. Lieutenant Mangrum attempted to detain the defendant to take him to segregation. He grabbed – Lieutenant Mangrum grabbed the defendant's arm. With the other arm the defendant turned around and struck Lieutenant Mangrum in the face. This was witnessed by at least two other corrections officers and they witnessed the defendant strike the – Lieutenant Mangrum in the face six times." Plaintiff then entered a plea of guilty to the crime of aggravated battery as alleged in the amended information and was sentenced per a plea agreement entered with the state.

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Tolliver v. City of Chicago, 820 F.3d 237, 242 (7th Cir. 2016), quoting, Heck v, Humphrey, 512 U.S. 477, 486-87 (1994). "[A] convicted criminal may not bring a civil suit questioning the validity of his conviction until he has gotten the conviction set aside." Okoro v. Callaghan, 324 F.3d 488, 489 (7th Cir. 2003). Plaintiff does not contend his conviction has been set aside. The question then is whether plaintiff's civil claim against defendant necessarily implies the invalidity of his criminal conviction. Tolliver, 820 F.3d at 242. The answer to this question is clearly "yes."

Plaintiff's criminal conviction is based on plaintiff having knowingly made physical contact of an insulting or provoking nature with defendant during the altercation at the jail on February 15, 2015. This altercation with defendant is the exact event on which plaintiff's claim against defendant is based. In plaintiff's version of events in this case, as set forth in his deposition, he never touched defendant. The factual basis recited on the record for his guilty plea was his having struck defendant in the face a total of six times. Plaintiff's version of events here, as set forth in his deposition, is that he did not strike defendant at all and in fact never touched defendant. Any judgment that would be entered in plaintiff's favor here, based on the facts he sets forth in his deposition, would necessarily imply the invalidity of his conviction for battering defendant. Plaintiff's success here would depend on proving a set of facts totally at odds with those on which his conviction was based.

For the foregoing reasons, defendant's motion [39] for summary judgment is granted. Judgment is entered in favor of defendant and against plaintiff. This case is terminated.

Date: 9/11/2017                    ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)